**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ALVIN JAEGER, in his official capacity as Secretary of State of North Dakota,<br><br>Defendant. | Case No. 3:22-cv-00022-PDW-ARS |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(d), Plaintiffs respectfully request leave to file the attached Supplemental Complaint. Defendant has indicated he does not oppose the motion, and the parties agreed that Defendant should be provided 30 days to file a responsive pleading.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any . . . event that happened after the date of the pleading to be supplemented. . . . The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d). In the time since Plaintiffs filed their Complaint, the November 8, 2022 elections were conducted using the state legislative redistricting map that Plaintiffs challenge as a violation of Section 2 of the Voting Rights Act. Those election results make clear that the enacted redistricting plan not only dilutes Native American voting strength with respect to the state house districts in northeastern North Dakota but also with respect to their opportunity to elect a candidate of choice to the state senate.

1

As Plaintiffs explain in the attached Supplemental Complaint, the 2022 election results confirm that the configuration of districts in northeastern North Dakota, specifically District 9, state house subdistricts 9A and 9B, and District 15 fail to provide Native American voters an equal opportunity to elect their candidates of choice to the state senate and state house. In the redrawn District 9, which now extends from Rolette County into overwhelmingly white portions of Towner and Cavalier Counties, incumbent Native American state senator Richard Marcellais lost his reelection bid. Senator Marcellais, who held the seat since 2006, was the overwhelming choice of Native American voters, but white voters cast their ballots sufficiently as a bloc to defeat his reelection in the redrawn district. An enrolled member of the Tribe has served as District 9 state senator since Daniel Jerome was elected as the first ever Native American to serve in the state senate in 1990. But now, for the first time in 32 years, no member of a North Dakota Native American tribe will serve in the North Dakota state senate as a result of the 2021 redistricting plan.

In subdistrict 9A, which Plaintiffs contend is unlawfully packed with Native American voters, the Native American candidate for state house soared to victory with nearly 70% of the vote. But in subdistrict 9B, which is predominantly white but contains a sizeable Native American population cracked from the population in subdistrict 9B, the incumbent Representative Marvin Nelson—the candidate of choice of Native American voters—was soundly defeated as a result of white bloc voting. While the prior configuration of District 9 allowed Native American voters to elect their candidate of choice to two state house seats, the enacted redistricting plan reduces that opportunity to a single state house district.

Likewise, the candidates of choice of Spirit Lake Native American voters in adjacent District 15 were defeated as a result of white bloc voting. Plaintiff Collette Brown, an enrolled member of the Spirit Lake Tribe, was the candidate of choice for Native American voters for state

senate in District 15 and was defeated by her white opponent. In the state house election in District 15, Native American candidate Heather Lawrence-Skadsem, who was the overwhelming candidate of choice of Native American voters, was defeated by her two white opponents.

As Plaintiffs explain in the attached Supplemental Complaint, Native American voters' candidates of choice for state senate and state house would have prevailed in an alternatively configured district that joins the Turtle Mountain and Spirit Lake reservations. But instead the enacted plan reduced from three to one the number of state legislative races in which Native American voters were able to elect their candidates of choice in the November 2022 election.

In addition to these supplemental factual allegations regarding the November 2022 election, Plaintiffs also clarify that they seek for elections to be held in a remedial district in November 2024 to ensure that Native American voters are not required to wait until 2026 to cast ballots under a map that complies with the Voting Rights Act.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and Defendant should be provided 30 days in which to file a responsive pleading.

December 6, 2022                                                    Respectfully submitted,

/s/ Michael S. Carter                                              /s/ Mark P. Gaber
Michael S. Carter                                                  DC Bar No. 988077
OK Bar No. 31961                                                   mgaber@campaignlegal.org
Matthew Campbell                                                   Molly E. Danahy
NM Bar No. 138207, CO Bar No. 40808                                DC Bar No. 1643411
mcampbell@narf.org                                                 mdanahy@campaignlegal.org
NATIVE AMERICAN RIGHTS FUND                                        Nicole Hansen
1506 Broadway                                                      NY Bar No. 5992326
Boulder, CO 80301                                                  nhansen@campaignlegal.org
Telephone: (303) 447-8760                                          CAMPAIGN LEGAL CENTER

Samantha Blencke Kelty
AZ Bar No. 024110, TX Bar No. 24085074
kelty@narf.org
NATIVE AMERICAN RIGHTS FUND
1514 P Street NW, Ste. D
Washington, DC 20005
Telephone: (202) 785-4166

1101 14th St. NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
Fax: (202) 736-2222

Bryan Sells (admitted *pro hac vice*)
GA Bar No. 635562
bryan@bryansellslsaw.com
THE LAW OFFICE OF BRYAN L. SELLS,
LLC
PO Box 5493
Atlanta, GA 31107-0493
Telephone: (404) 480-4212

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Mark P. Gaber
Mark P. Gaber

*Counsel for Plaintiffs*