IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alvin Jaeger, in his Official Capacity as Secretary of State of North Dakota, et al., <br><br> Defendants. | **ORDER** <br><br> Case No. 3:22-cv-22 |

  Before the Court are two competing motions. The first is a motion to set deadlines for compliance with third party subpoenas by the Turtle Mountain plaintiffs. Doc. No. 75. The second is a motion to stay pending appeal (or review) by the North Dakota Legislative Assembly, Senators Ray Holmberg, Richard Wardner, and Nicole Poolman, Representatives Michael Nathe, William R. Devlin, and Terry Jones, and former Senior Counsel to the North Dakota Legislative Council Claire Ness (collectively, the "Assembly"). Doc. No. 82. For the reasons below, the motion to set deadlines is granted, and the motion to stay discovery orders pending review is denied.

  This current dispute is the latest in a series of discovery disputes in this redistricting and Voting Rights Act ("VRA") case. In short, the Turtle Mountain plaintiffs subpoenaed Representative Devlin for a deposition and served third-party document subpoenas on the Assembly. The Assembly moved to quash the deposition subpoena as to Representative Devlin, Judge Senechal denied that motion (Doc. No. 48), and this Court affirmed her decision (Doc. No. 71). The Turtle Mountain plaintiffs moved to enforce the third-party document subpoenas, Judge Senechal granted that motion (Doc. No. 63), and this Court affirmed her decision (Doc. No. 72).

1

After those rulings, the Turtle Mountain plaintiffs filed their motion to set deadlines, requesting the Court set prompt deadlines for the Assembly's compliance with its subpoenas given the June 12, 2023, trial date. In response to that motion, the Assembly filed an interlocutory appeal and a petition for a writ of mandamus with the Eighth Circuit Court of Appeals. The interlocutory appeal was dismissed for lack of jurisdiction (Doc. No. 87), but the petition for a writ of mandamus remains active. The Assembly asserts that the discovery orders should be stayed pending review by the Eighth Circuit.

Two other facts are also critical for the purposes of this order. The first is the trial date. This case is set for trial on June 12, 2023. That trial date was specifically requested by the Secretary to assure it had adequate time to address any potential VRA violation. Second, the Secretary's motion for summary judgment was recently denied (Doc. No. 89), so the case is proceeding to trial on June 12.

Turning to the motion to stay, as an initial matter, the interlocutory appeal by the Assembly was dismissed by the Eighth Circuit for lack of jurisdiction. Doc. No. 87. Because there is no active appeal, to the extent the Assembly sought a stay of the discovery orders pending appeal, the motion is denied as moot. Nonetheless, the Assembly's motion can also be construed as a motion to stay discovery orders pending review of its petition for a writ of mandamus. When assessing a stay pending disposition of a writ of mandamus, federal courts consider the likelihood of success on the merits of the petition and the likelihood of irreparable harm resulting from the denial of a stay. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010).

Both factors weigh against a stay. The Assembly has not demonstrated a likelihood of success on the merits of the petition, particularly given that this is a redistricting and VRA case

and that the orders at issue are discovery orders (where no privileged documents or information were ordered to be disclosed).  Indeed, as this Court previously stated:

> It is worth noting and keeping in mind that Judge Senechal's order required three actions: (1) disclosure of communications to third parties (because privilege cannot apply); (2) production of documents from Representative Jones (who waived state legislative privilege); and (3) production of a privilege log for any documents withheld based on privilege.  None of those directives are extraordinary or unusual, nor do they require disclosure of any privileged documents.

Doc. No. 72.  While the Assembly certainly disagrees, that disagreement does not demonstrate a likelihood of success on the merits of the petition for a writ of mandamus.

As to irreparable harm, the Assembly strongly asserts that the harm of complying with the discovery orders is significant, particularly given that the Assembly is currently in session.  But the Court disagrees.  These discovery issues have been ongoing for months.  Beyond that, the Assembly has retained counsel to assist with the document requests and the deposition of Representative Devlin.  Most importantly though, and once again, the discovery orders do not order the Assembly to disclose any privileged documents.  And as for the deposition of Representative Devlin, if the Assembly believes in good faith that any question or answer during his deposition invokes state legislative privilege, the Assembly may still assert that objection at the deposition.  All told, the Assembly has not demonstrated irreparable harm resulting from a denial of a stay pending review of the petition for a writ of mandamus.

To reiterate, trial will begin on June 12, 2023.  That trial date was specifically requested by the Secretary and the State of North Dakota.  It is essential that this set of discovery issues be resolved before trial.  On these facts, a stay pending review of the petition for a writ of mandamus is not warranted, and the Assembly's motion (Doc. No. 82) is **DENIED**.  And in turn, the Turtle Mountain plaintiffs' motion to set deadlines (Doc. No. 75) is **GRANTED**.

Within ten (10) days of this order, the Assembly shall produce their communications with third parties and all documents withheld as to Representative Jones.  As for all other documents, the Assembly must immediately and actively begin its work on producing a privilege log and that privilege log must be produced within fourteen (14) days of this order.  The deposition of Representative Devlin must be scheduled on or before April 28, 2023.

**IT IS SO ORDERED**.

Dated this 11th day of April, 2023.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court