IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Michael Howe, in his Official Capacity as Secretary of State of North Dakota, <br><br> Defendant. | **ORDER** <br><br> Case No. 3:22-cv-22 |

Defendant Michael Howe, the Secretary of State of North Dakota, moves to stay the remedial order and judgment pending appeal in this Voting Rights Act ("VRA") case. Doc. 131. Plaintiffs Turtle Mountain Band of Chippewa Indians, Spirit Lake Tribe, Wesley Davis, Zachery S. King, and Collette Brown move to amend or correct the remedial order, given the Secretary's motion to stay. Doc. 134. The Plaintiffs oppose the Secretary's motion (Doc. 142), and the Secretary opposes the Plaintiffs' motion (Doc. 140). The North Dakota Legislative Assembly also moves to intervene and moves for a stay. Doc. 137; Doc. 151. All four motions are denied.

### A. Motion to Stay Judgment Pending Appeal

The Secretary asks for a stay of the judgment finding a Section 2 violation after trial and a final decision on the merits. Tellingly though, the Secretary does not challenge the merits of the order and decision on the Section 2 claim. Instead, he argues (1) a stay of the judgment is appropriate per Purcell v. Gonzalez, 549 U.S. 1 (2006), and (2) that 42 U.S.C. § 1983 does not apply to the VRA.

#### 1. Purcell Principle

In his motion, the Secretary largely leans on Purcell to suggest a stay pending appeal is warranted. But Purcell does not apply on these facts. And even if it did, it is perhaps more troubling

to suggest that Purcell permits what the Secretary asks for here—that a federal court overlook and stay a proven Section 2 violation because it requires a state to correct the violation well before any election is ever scheduled to occur.

Purcell and its progeny articulated a general principle "that lower federal courts should ordinarily not alter the election rules on the eve of an election." Republican Nat'l Comm. v. Democratic Nat'l Comm., 589 U.S. ___, 140 S. Ct. 1205, 1207 (2020) (emphasis added). But the context is critical—Purcell and the majority of cases relying on and citing to it are cases involving preliminary injunctive relief, where there is no merits decision on a claim. Purcell, 549 U.S. at 4 (granting stay of preliminary injunction concerning voter identification procedures entered weeks before an election); North Carolina v. League of Women Voters of N.C., 574 U.S. 927 (2014) (granting stay of preliminary injunction entered close to an election date); Wise v. Circosta, 978 F.3d 93, 103 (4th Cir. 2020) (denying preliminary injunction of new absentee ballot rule less than a month before election); Veasey v. Perry, 769 F.3d 890, 895 (5th Cir. 2014) (granting stay of preliminary injunction entered 9 days before election); Genetski v. Benson, No. 20-000216-MM, 2020 WL 7033539, at *2 (Mich. Ct. Cl. Nov. 2, 2020) (declining to grant preliminary injunction the day before an election). As explained in Purcell, there are "considerations specific to election cases" when deciding whether to enjoin an election law in close temporal proximity to an election. Purcell, 549 U.S. at 4. Also of chief concern in Purcell cases is the risk of voter confusion. See Democratic Nat'l Comm. v. Wisconsin State Legislature, 141 S. Ct. 28, 30 (2020) (Gorsuch, J., concurring) (stating, "Last-minute changes to longstanding election rules risk other problems too, inviting confusion and chaos and eroding public confidence in electoral outcomes.").

This is not a preliminary injunctive relief case. This is a case where a Section 2 violation of the VRA was proven by evidence at trial. Beyond that, there is no imminent election, little risk

of voter confusion, and the final judgment was not issued on the "eve" of any election. It strains credibility to seriously suggest otherwise. As the Plaintiffs correctly point out, the deadlines cited by the Secretary concern the opening date for candidate signature gathering—for elections that are still months away. Indeed, the Secretary's concern is not as to voter confusion but rather the administrative burden of correcting the Section 2 violation. Because there is no imminent election and no order for preliminary injunctive relief enjoining an election rule, Purcell does not apply, and it does not support granting a stay pending appeal.

### 2.     Traditional Stay Pending Appeal Factors

Setting Purcell aside, in deciding whether to grant a stay pending appeal, courts consider four factors: (1) whether the stay applicant has made a strong showing that the applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Chafin v. Chafin, 568 U.S. 165, 179 (2013). "The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required." Org. for Black Struggle v. Ashcroft, 978 F.3d 603, 607 (8th Cir. 2020). Stays pending appeal are disfavored, even if the movant may be irreparably harmed. Nken v. Holder, 556 U.S. 418, 427 (2009).

First, the Secretary has not made a strong showing he is likely to succeed on the merits. Once again, nowhere in the Secretary's motion does he challenge (or even address) the merits of the Section 2 claim and the Court's finding of a Section 2 violation after trial. He instead focuses on a new legal theory that 42 U.S.C. § 1983 provides no cause of action for private plaintiffs to bring a Section 2 claim. This issue was addressed in an order denying the Secretary's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), though both

parties raise new arguments that were not raised during the initial briefing of that issue. No doubt this issue is ripe for appellate review given the Eighth Circuit's recent decision in Arkansas State Conference of NAACP v. Arkansas Board of Apportionment, __ F.4th __, No. 22-1395, 2023 WL 8011300 (8th Cir. Nov. 20, 2023). But simply because the issue is set for appellate review does not mean the Secretary has made a strong showing that he is likely to succeed on the merits. This seems particularly true when he does not challenge or address the merits of the substantive Section 2 claim at issue. So, the first factor does not weigh in favor of a stay pending appeal.

Next, the Secretary will not be irreparably injured absent a stay. The Secretary largely rehashes his Purcell analysis to show irreparable injury absent a stay. As noted above, Purcell does not apply, and the Court struggles to understand how the Secretary would be irreparably injured by complying with Section 2 of the VRA. And per Nken, even if the Secretary may be irreparably harmed, a stay pending appeal is not a matter of right. 556 U.S. at 433. The second factor does not weigh in favor of a stay pending appeal.

Third, granting a stay would substantially injure the Plaintiffs and all other Native Americans voting in districts 9 and 15. A stay would effectively allow an ongoing Section 2 violation to continue until a decision on the § 1983 issue is reached by a reviewing court. There is substantial harm inherent in the deprivation of the Plaintiffs' fundamental voting rights. See Martin v. Kemp, 341 F. Supp. 3d 1326, 1340 (N.D. Ga. 2018). As such, the third factor weighs heavily against a stay.

Finally, the public interest lies in correcting Section 2 violations, particularly when those violations are proven by evidence and data at trial. Concerns as to the logistics of preparing for an election cycle cannot trump violations of federal law and individual voting rights. This factor also weighs against a stay pending appeal.

Again, it is worth emphasizing that this motion for a stay pending appeal is <u>not</u> made in the context of any preliminary injunction, where there is no final decision on the merits of a claim. And it is <u>not</u> made in the context of any imminent election. Instead, it is a request for a stay after a full and final decision on the merits, after a trial, on a Section 2 claim—a merits decision the Secretary does not address or even challenge in his motion. In that context, the law and the four factors conclusively instruct that a stay pending appeal is inappropriate, and the Secretary's motion to stay is denied.

**B.     Motion to Amend or Correct Remedial Order and Motion to Intervene**

Turning to the Plaintiffs' motion to amend or correct the remedial order, the motion presents an issue of jurisdiction. The filing of a notice of appeal generally divests the district court of jurisdiction over the case, and the district court cannot reexamine or supplement the order being appealed. <u>See</u> <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982); <u>Liddell v. Board of Educ.</u>, 73 F.3d 819, 822 (8th Cir. 1996). Here, the Plaintiffs ask the Court to reexamine the deadlines in the remedial order in response to the Secretary's <u>Purcell</u> concerns. But the Court cannot reexamine the remedial order because the Secretary filed his notice of appeal before the motion to amend or correct. The Court lacks jurisdiction to amend or correct the remedial order, and the motion (Doc. 134) is denied.

The same is true for the Legislative Assembly's motion to intervene and motion to stay. It is axiomatic that the motion to intervene is untimely per Federal Rule of Civil Procedure 24, but again, this Court lacks jurisdiction to reexamine or supplement the order and judgment on appeal. Adding the Legislative Assembly as a party at this late stage is a rather extraordinary request to supplement the order and judgment on appeal, and the motions (Doc. 137; Doc. 151) are denied.

### C. Conclusion

After a trial, and careful review of all of the evidence and data, the Court concluded the 2021 redistricting plan violated Section 2 of the VRA. Put simply, the facts and the law do not support a stay of the remedial order and judgment pending appeal. The Secretary's motion to stay pending appeal (Doc. 131) is **DENIED**. Because the notice of appeal divested this Court of jurisdiction over this case, the Plaintiffs' motion to amend or correct the remedial order (Doc. 134) and the Legislative Assembly's motion to intervene (Doc. 137) and motion to stay (Doc. 151) are also **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of December, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court