# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Michael Howe, in his Official Capacity as Secretary of State of North Dakota, <br><br> Defendant. | **ORDER** <br><br> Case No. 3:22-cv-22 |

The North Dakota Legislative Assembly moves for an extension of time to file (Doc. 156) and to expedite (Doc. 162). Plaintiffs Turtle Mountain Band of Chippewa Indians, Spirit Lake Tribe, Wesley Davis, Zachery S. King, and Collette Brown oppose the motion (Doc. 161) and move for a remedial order (Doc. 159). The Legislative Assembly opposes the Plaintiffs' motion. Doc. 163. Defendant Michael Howe, Secretary of State of North Dakota, has not responded to either motion.

As to the Legislative Assembly's motion for extension of time to file, the Assembly asks for an extension of time to file a remedial plan until February 9, 2024. An initial problem with the Legislative Assembly's request is that it is not a party to this case, and it did not seek leave to file its motion for an extension of time to file. Another problem is that the two parties to this case oppose the extension sought by the Legislative Assembly. The Plaintiffs actively oppose the extension, and the Secretary did not file a response, though he did oppose the same motion made by the Legislative Assembly to the Eighth Circuit Court of Appeals.

After finding a Section 2 violation of the Voting Rights Act, federal law requires that, "whenever practicable," the state be "afford[ed] a reasonable opportunity . . . to adopt[] a substitute measure rather than for the federal court to devise and order into effect its own plan." Wise v.

Lipscomb, 437 U.S. 535, 540 (1978). Here, that is what the Court ordered. The Secretary was provided a reasonable time, until December 22, 2023, to propose a remedial plan. The Plaintiffs are correct that the Court did not order the Secretary (or the Legislative Assembly) to adopt a new plan by that date; it provided a reasonable opportunity to the Secretary to propose his own plan to correct the proven Section 2 violation. The law requires nothing more and nothing less. But if the Secretary elects to not offer a proposed remedial plan (as is the case here), then it becomes the "unwelcome obligation of the federal court" to devise a remedy. Id. (internal citations and quotations omitted). And that is where we find ourselves now. On this record, an extension of time is not warranted because the Secretary was provided a reasonable opportunity to propose a remedial plan, and an extension has not been requested by either party to this case. So, the motion for extension of time to file (Doc. 156) and the motion to expedite (Doc. 162) are **DENIED**.

Given that the Secretary did not submit a proposed remedial plan by December 22, 2023, the Plaintiffs now move for a remedial order. Doc. 159. Substantively, the Eighth Circuit stated in Bone Shirt v. Hazeltine, 461 F.3d 1011, 1022-23 (8th Cir. 2006):

> In formulating a remedial plan, the first and foremost obligation of the district court is to correct the Section 2 violation. See Westwego Citizens for Better Gov't, 946 F.2d at 1124. Second, the plan should be narrowly tailored, and achieve population equality while avoiding, when possible, the use of multi-member districts. Abrams v. Johnson, 521 U.S. 74, 98, 117 S.Ct. 1925, 138 L.Ed.2d 285 (1997); Chapman v. Meier, 420 U.S. 1, 26-27, 95 S.Ct. 751, 42 L.Ed.2d 766 (1975). Third, the plan must not violate Sections 2 or 5 of the Voting Rights Act. Finally, the plan should not "intrude on state policy any more than is necessary" to uphold the requirements of the Constitution. Upham v. Seamon, 456 U.S. 37, 41-42, 102 S.Ct. 1518, 71 L.Ed.2d 725 (1982) (per curiam) (quoting White v. Weiser, 412 U.S. 783, 794-95, 93 S.Ct. 2348, 37 L.Ed.2d 335 (1973)).

Here, the Plaintiffs' proposed plan 2 meets all four requirements. It corrects the Section 2 violation, is narrowly tailored, and achieves population equality. Per this Court's findings, proposed plan 2 "comports with traditional redistricting principles." Doc. 125 at 18-19. Proposed plan 2 does not

violate Section 2 of the Voting Rights Act. Doc. 125. It requires changes to only three districts (Doc. 65-2 at 41) and is the least intrusive option that complies with the Voting Rights Act and the Constitution.

Procedurally, the Court notes that the Secretary did not respond to the motion, and Civil Local Rule 7.1(F) states that an adverse party's "failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. Local R. 7.1(F). The Court deems the Secretary's lack of response as an admission that the motion for a remedial order encouraging the Court to adopt proposed plan 2 is well taken.

Because the motion (Doc. 159) is unopposed and is in the interest of justice, it is **GRANTED**. The Court **ORDERS** that the Plaintiffs' proposed plan 2 be adopted and implemented as the remedial map to correct the Section 2 violation.

**IT IS SO ORDERED**.

Dated this 8th day of January, 2024.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court