**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL HOWE, in his official capacity as Secretary of State of the State of North Dakota, <br><br> *Defendant*. | Civil No. 3:22-cv-00022-PDW-ARS |

**PLAINTIFFS' STATUS REPORT AND OPPOSED PROPOSAL FOR FUTURE PROCEEDINGS**

On May 18, 2026, the Supreme Court vacated the Eighth Circuit's decision in this case and remanded the case "for further consideration in light of *Louisiana v. Callais*, 608 U.S. ___ (2026)." In turn, the Eighth Circuit vacated this Court's judgment because it had applied "what is now an incorrect legal framework." *Turtle Mountain Band of Chippewa Indians v. Howe*, No. 23-365, Order on Remand (8th Cir. July 7, 2026). The Eighth Circuit then remanded the case to this Court "for further proceedings in light of Callais." *Id*.

Consistent with those instructions and Eighth Circuit precedent, Plaintiffs should be permitted to amend their complaint in light of *Callais*, and then this Court should subsequently conduct additional fact finding and apply the new legal framework established by *Callais*. *See, e.g.*, *Qwest Corp. v. City of Des Moines, Iowa*, 896 F.3d 843, 847 (8th Cir. 2018) (remanding case for additional fact finding after a bench trial "[w]ith the proper legal standard in mind").

The Secretary admits in his Status Report (Doc. 181) that *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), has altered the evidentiary standard a plaintiff must satisfy to establish a Section 2

1

violation. Yet he contends that Plaintiffs should be prohibited from proffering any evidence to satisfy that revised legal standard. In essence, he contends that Plaintiffs were required to predict in advance how the Supreme Court would alter the legal landscape and develop an evidentiary record for a legal standard that did not yet exist.

This is a remarkable position that not only contravenes the Supreme Court's and Eighth Circuit's orders remanding this case for further proceedings but likewise would, if accepted, violate Plaintiffs' due process rights. "Fundamental fairness requires that [Plaintiffs] be granted an opportunity to address comprehensively the post-[*Callais*] standards." *Harlan Bell Coal Co. v. Lemar*, 904 F.2d 1042, 1048 (6th Cir. 1990) (reversing denial of opportunity to present new evidence after intervening change in applicable legal standard); *see also Dixon v. Johanns*, No. CV-05-03740-PHX-NVW, 2006 WL 3390311, at *8 (D. Ariz. Nov. 21, 2006) ("Due process encompasses the right to present evidence under governing legal standards.").

Since this case was filed, tried, and judgment entered in Plaintiffs' favor—and while appellate proceedings have been pending—the legal landscape governing redistricting litigation has changed in several ways. *See, e.g.*, *Callais*, 146 S. Ct. 1131; *Alexander v. S. Carolina Conf. NAACP*, 602 U.S. 1 (2024); *Allen v. Milligan*, 146 S. Ct. 1377 (2026). Now that this case has returned to this Court, Plaintiffs are entitled to adjust their pleadings accordingly and develop and present evidence responsive to the new legal landscape. *See Pullman-Standard v. Swint, 456 U.S. 273, 291 (1982)* ("When an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings."). Plaintiffs intend to do so and contend that the State's 2021 redistricting map is as unlawful today as it was when this Court issued judgment in Plaintiffs' favor. Plaintiffs intend to prove as much.

The Secretary's request for an immediate dispositive motion schedule—prior to Plaintiffs having any opportunity to amend their complaint and develop and proffer evidence under the changed legal landscape—is premature. *See, e.g.*, Fed. R. Civ. P. 56(d); *see also Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 262 (2015) ("In light of our opinion, all parties remain free to introduce such further evidence as the District Court shall reasonably find appropriate [on remand].").

Plaintiffs instead propose that the Court issue an order granting them leave to file an amended complaint, which Plaintiffs propose to file on or before **August 28, 2026**. Plaintiffs believe that the Supreme Court's and Eighth Circuit's orders remanding this case for further proceedings, together with the changes to redistricting law that have occurred while this case has been on appeal, suffice to establish their entitlement to file an amended complaint.

If more fulsome briefing on whether Plaintiffs should be permitted to amend their complaint is helpful to the Court, Plaintiffs propose to file a motion to amend on or before **August 28, 2026** along with their proposed amended complaint. Any dispositive motions, however, would be premature and wasteful until the status and scope of Plaintiffs' complaint is decided.

Plaintiffs propose that the Court hold a scheduling conference to develop a scheduling order for the subsequent proceedings, *e.g.*, discovery, dispositive motions, motions in limine, pretrial filings, etc., after Plaintiffs have filed their amended complaint. This was the process the parties followed with Judge Senechal earlier in the case.

July 23, 2026

/s/ Matthew Campbell
Matthew Campbell
NM Bar No. 138207, CO Bar No. 40808
mcampbell@narf.org
Allison Neswood
CO Bar No. 49846
neswood@narf.org
NATIVE AMERICAN RIGHTS FUND
250 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 447-8760
*Counsel for Plaintiffs*

Leonard R. Powell (admission forthcoming)
DC Bar No. 1048832; CA Bar No. 313387
powell@narf.org
Samantha D. Blencke
AZ Bar No. 024110, TX Bar No. 24085074
blencke@narf.org
NATIVE AMERICAN RIGHTS FUND
950 F Street NW, Ste. 1050
Washington, DC 20004
Telephone: (202) 785-4166
*Counsel for Plaintiffs*

Timothy Q. Purdon
N.D. Bar No. 05392
TPurdon@RobinsKaplan.com
ROBINS KAPLAN, LLP
1207 West Divide Avenue, Suite 200
Bismarck, ND 58501
Telephone: (701) 255-3000
Fax: (612) 339-4181
*Counsel for Plaintiff Spirit Lake Nation*

Respectfully submitted,

/s/ Mark P. Gaber
Mark P. Gaber
DC Bar No. 988077
mgaber@campaignlegal.org
Anna M. Baldwin
DC Bar No. 998713
abaldwin@campaignlegal.org
William K. Hancock
DC Bar No. 90002204
whancock@campaignlegal.org
Melissa Neal
DC Bar No. 90018637
mneal@campaignlegal.org
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
*Counsel for Plaintiffs*

Bryan Sells (admitted *pro hac vice*)
GA Bar No. 635562
bryan@bryansellslsaw.com
THE LAW OFFICE OF BRYAN L. SELLS, LLC
PO Box 5493
Atlanta, GA 31107-0493
Telephone: (404) 480-4212
*Counsel for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber

*Counsel for Plaintiffs*