**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS, SPIRIT LAKE TRIBE, WESLEY DAVIS, ZACHERY S. KING, and COLLETTE BROWN,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL HOWE, in his official capacity as Secretary of State of North Dakota,<br><br>*Defendant.* | Civil No. 3:22-cv-00022-PDW-ARS |

**PLAINTIFFS' MOTION TO DEFER RESOLUTION OF THE SECRETARY'S REQUEST TO DISSOLVE THE REMEDIAL ORDER**

Plaintiffs respectfully move this Court to defer resolution of the Secretary's request that the Court dissolve the remedial order. *See* ECF No. 191. Counsel for the Secretary has advised that he opposes this motion.[1]

As outlined in Plaintiffs' Memorandum of Law attached to this Motion, this Court should defer resolution of the Secretary's request for dissolution because: (1) the Secretary's motion in which the request was presented—one for judgment on the pleadings of Plaintiffs' original complaint—is moot on account of Plaintiffs' motion for leave to amend their complaint, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); (2) the Secretary's request is procedurally improper because a motion for judgment on the pleadings is not a proper vehicle to seek relief from orders of the Court—a Rule 60(b) motion is, *compare* Fed. R. Civ. P.

[1] Plaintiffs will respond separately to the Secretary's Motion for Judgment on the Pleadings by the deadline to do so under the Local Rules.

12(c) *with* Fed. R. Civ. P. 60(b); and (3) even if the Court were to so construe the Secretary's request to dissolve the remedial order, the Court should exercise its broad discretion to control its docket by deferring resolution of the Secretary's motion until after it has tried and decided Plaintiffs' claims on remand, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013).

Under the circumstances present here—where Plaintiffs maintain they will satisfy the revised *Callais* legal framework, where the Secretary has conceded his conduct will remain unchanged regardless of the Court's actions, and where the North Dakota Legislative Council has previously threatened to unseat Plaintiff Collette Brown—the Court should exercise its discretion to defer a decision on the Secretary's request until after a trial on remand is completed.

For the foregoing reasons, the Court should defer resolution of the Secretary's request to dissolve the remedial order until after the Court tries and adjudicates Plaintiffs' claims on remand.

August 28, 2026

Respectfully submitted,

/s/ Leonard R. Powell
Leonard R. Powell
DC Bar No. 1048832; CA Bar No. 313387
powell@narf.org
Samantha D. Blencke
AZ Bar No. 024110, TX Bar No. 24085074
blencke@narf.org
NATIVE AMERICAN RIGHTS FUND
950 F Street NW, Ste. 1050
Washington, DC 20004
Telephone: (202) 785-4166
*Counsel for Plaintiffs*

Matthew Campbell
NM Bar No. 138207, CO Bar No. 40808
mcampbell@narf.org
Allison Neswood
CO Bar No. 49846
neswood@narf.org

/s/ Mark P. Gaber
Mark P. Gaber
DC Bar No. 988077
mgaber@campaignlegal.org
Anna M. Baldwin
DC Bar No. 998713
abaldwin@campaignlegal.org
William K. Hancock
DC Bar No. 90002204
whancock@campaignlegal.org
Melissa Neal
DC Bar No. 90018637
mneal@campaignlegal.org
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, DC 20005
Telephone: (202) 736-2200
*Counsel for Plaintiffs*

NATIVE AMERICAN RIGHTS FUND
250 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 447-8760
*Counsel for Plaintiffs*

Timothy Q. Purdon
N.D. Bar No. 05392
TPurdon@RobinsKaplan.com
ROBINS KAPLAN, LLP
1207 West Divide Avenue, Suite 200
Bismarck, ND 58501
Telephone: (701) 255-3000
Fax: (612) 339-4181
*Counsel for Plaintiff Spirit Lake Nation*

Bryan Sells (admitted *pro hac vice*)
GA Bar No. 635562
bryan@bryansellslsaw.com
THE LAW OFFICE OF BRYAN L. SELLS, LLC
PO Box 5493
Atlanta, GA 31107-0493
Telephone: (404) 480-4212
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Mark P. Gaber*
Mark P. Gaber